UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| JOHNNY BAXTER, | ) | |
| | ) | |
|    *Petitioner,* | ) | |
| v. | ) | 1:09-cv-310 |
| | ) | *Edgar* |
| JOE EASTERLING, WARDEN | ) | |
| | ) | |
|    *Respondent.* | ) | |

## MEMORANDUM AND ORDER

Johnny Baxter ("Baxter") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Baxter is a prisoner confined at Hardeman County Correctional Facility in Whiteville, Tennessee.  The case was transferred to this Court from the United States District Court Middle District of Tennessee, Nashville Division since Petitioner is challenging a conviction that was obtained in the Criminal Court of McMinn County.[1]  Petitioner paid the $5.00 filing fee before the case was transferred.  Baxter is challenging the legality of his 2005 McMinn County Criminal Court conviction for rape of a child.

The Clerk is **DIRECTED** to serve a copy of the habeas petition and this order on the respondent and the Attorney General of the State of Tennessee.  Although Baxter has failed to properly complete the § 2254 form petition, but rather directs the Court to see the attached documents, the Court discerns that he is attacking his conviction and wishes to raise the same claims he pursued on direct review.  Although upon initial review it appears to be time-barred, the Court is unable to determine whether Baxter pursued state post-conviction relief.  Therefore, since this petition is filed *pro se* and the Court cannot say it plainly appears from the face of the petition that

---

    [1]    McMinn County is in the Southern Division of the Eastern District of Tennessee. 28 U.S.C. § 123(a)(3).

it should be summarily dismissed, the respondent is hereby **ORDERED** to answer or otherwise respond to the petition within forty-five (45) days from the date of this order. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

If the respondent files a dispositive motion,[2] the Court must defer to the state court judgment unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Therefore, the respondent is **ORDERED** to file trial transcripts, hearing transcripts, and all documents considered by the state courts with any dispositive motion, so this Court will be able to determine if the record supports the findings of the state court.

ENTER this the 11th day of May, 2010.

                           */s/ R. Allan Edgar*
                           R. ALLAN EDGAR
                   UNITED STATES DISTRICT JUDGE

---

[2] If the respondent files a motion to dismiss on the basis of untimeliness, only the documents to substantiate their contention that the petition is untimely should be provided to the Court.