UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| JOHNNY BAXTER, | ) | |
|---|---|---|
| *Petitioner,* | ) | |
| v. | ) | No.  1:09-cv-310 |
| | ) | *Edgar/Carter* |
| JOE EASTERLING, WARDEN, | ) | |
| *Respondent.* | ) | |

## **MEMORANDUM**

Johnny Baxter ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Court File No. 1]. Baxter seeks review of his 2005 state conviction on one count of rape of a child. Presently before the Court is Respondent's motion to dismiss Petitioner's § 2254 petition as time-barred [Court File No. 10]. After reviewing the record and the applicable law, the Court concludes that Petitioner's § 2254 petition is time-barred.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, there is a one-year statute of limitation for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1) and (2) provide, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection.

The record reflects Petitioner was found guilty of one count of rape of a child on February 8, 2005, and a twenty-year sentence was imposed on March 14, 2005 [Court File No. 11-1, pp. 2-3]. Petitioner pursued a direct appeal and on March 22, 2007, the Tennessee Court of Criminal Appeals affirmed the judgment of the trial court and, thereafter, the Tennessee Supreme court denied permission to appeal. *State v. Baxter*, No. E2006-00669-CCA-R3-CD, 2007 WL 858776 (Tenn.Crim.App. Mar. 22, 2007) (perm. app. denied Aug. 13, 2007) [Court File No. 11-2 and 11-3]. Petitioner did not seek review in the United States Supreme Court by writ of certiorari and did not pursue state post-conviction relief.

Petitioner filed a *pro se* federal habeas petition pursuant to 28 U.S.C. § 2254 on November 3, 2009,[1] in the United States District Court for the Western District of Tennessee. The case was transferred to this Court because Petitioner is challenging a conviction that was obtained in the Criminal Court of McMinn County which is located in the Southern Division of the Eastern District of Tennessee. 28 U.S.C. § 123(a)(3).

Petitioner's state court conviction became final under 28 U.S.C. § 2244(d)(1)(A) on November 13, 2007,[2] upon expiration of the time for seeking a writ of certiorari in the United States

---

[1] The prison mailbox rule provides that a motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) Fed. R. App. P. Although the Court is unable to determine when Petitioner submitted his habeas petition to the prison authorities for mailing, it will generously applying the mailbox rule to Petitioner's habeas petition, using the date on which he signed his petition, i.e., November 3, 2009. *See Houston v. Lack,* 487 U.S. at 273.

[2] The last day of the limitations period for requesting a writ of certiorari in the United States Supreme Court actually expired on Sunday, November 11, 2007. However, Rule 6(a) of the Federal Rules of Civil Procedure provides that when the last day of the computation period falls on a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible, the period ends on the end of the next day that is not excluded. Petitioner's conviction,

Supreme Court on direct appeal from his conviction and sentence.[3] *Clay v. United States*, 537 U.S. 522, 527-28 (2003). Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner had one-year from the date his conviction became final in which to file his habeas petition. Thus, Petitioner was required to file his federal habeas petition by November 12, 2008. Because he filed his federal habeas petition on November 3, 2009, almost one year after the expiration of the limitations period, his petition is untimely unless the one-year statute of limitations is tolled by statutory or equitable tolling principles. Title 28 U.S.C. § 2244(d)(2) provides for statutory tolling when a properly filed application for state post-conviction relief or other collateral relief with respect to the pertinent judgment or claim is pending. Generally, to be entitled to equitable tolling, a petitioner must demonstrate he has been diligently pursing his rights and that some extraordinary circumstance prevented him from timely filing his federal habeas petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Petitioner did not file a state post-conviction petition and he does not contend, nor does the record reflect, that there are any circumstances which warrant the application of equitable tolling principles. Petitioner, therefore, cannot satisfy his burden of demonstrating that either statutory or equitable tolling would be appropriate in this case. The petition presents no explanation for Petitioner's failure to file a timely habeas petition. Therefore, neither statutory nor equitable tolling of the limitations period is available to Petitioner and his habeas corpus petition is untimely under

---

therefore, did not become final until Tuesday, November 13, 2007, because Monday, November 12, 2007, was Veteran's Day, a legal holiday.

[3] The Tennessee Supreme Court denied Petitioner permission to appeal on August 13, 2007. Under Sup. Ct. R. 13.1, Petitioner was required to petition for certiorari in the United States Supreme Court within 90 days after entry of the order of the Tennessee Supreme Court.

28 U.S.C. § 2244(d)(1)(A).

Accordingly, it is **ORDERED** that Respondent's motion to dismiss will be **GRANTED** [Court File No.10] and Petitioner's petition for writ of habeas corpus will be **DISMISSED** as time-barred [Court File No. 1].

An appropriate judgment will enter.

                                          */s/ R. Allan Edgar*
                                          R. ALLAN EDGAR
                             UNITED STATES DISTRICT JUDGE